# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-1074

TIA J. HORTON,

*Plaintiff,*

and

KAREN BROOKS,

*Proposed Intervenor, Appellant,*

*v.*

JACKSON COUNTY BOARD OF COUNTY
COMMISSIONERS, *et al.*,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Indiana, New Albany Division.
No. NA 01-170-C-B/H—**Sarah Evans Barker**, *Judge.*

_____

ARGUED AUGUST 6, 2003—DECIDED SEPTEMBER 10, 2003

_____

Before BAUER, POSNER, and KANNE, *Circuit Judges.*

POSNER, *Circuit Judge.* Karen Brooks appeals from the
denial of her motion to intervene in an employment dis-
crimination case brought by Tia Horton under Title VII
against their former employer. The appeal requires us to

consider the contours of the "single-filing" rule, which excuses in some circumstances the failure of a victim of employment discrimination to exhaust his or her administrative remedies.

Horton worked for Jackson County [Indiana] Community Corrections and Brooks for the Jackson County Juvenile Detention Center, both organizations being under the control of the county board, which we'll treat as the employer of both women. The board fired Horton from her job with Corrections in February 2000, and she filed a timely charge with the EEOC complaining that she had been fired in retaliation for a discrimination suit that she had instituted three years earlier against another Jackson County agency. Later Horton filed this lawsuit, in which Brooks seeks to intervene.

One month after Horton was fired from Corrections, Brooks hired her to work at the Center. Eleven months later the board fired both Horton and Brooks from their jobs with the Center on the same day. Both women filed charges with the EEOC complaining that they had been fired in retaliation for Horton's complaint to the EEOC about having been retaliated against for filing the 1997 suit. Both charges were untimely. (Brooks claims on appeal that hers was not, but has waived the claim by failing to make it in the district court, *Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001).) The district judge ruled that Horton could amend her complaint to add the second firing; retaliation for complaining to the EEOC need not be charged separately from the discrimination that gave rise to the complaint, *McKenzie v. Illinois Dept. of Transportation*, 92 F.3d 473, 482 (7th Cir. 1996); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam); *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998); *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994), at least—a

potentially critical qualification, as we'll see—if the person discriminated against and the person retaliated against are the same. Brooks, unlike Horton, had no case pending when she filed her untimely charge with the EEOC. There was thus no complaint for her to amend. The question is whether she could join Horton's suit notwithstanding her failure to file a timely administrative charge, the normal prerequisite to suit. 42 U.S.C. § 2000e5(e); *Beckel v. Wal-Mart Associates, Inc.*, 301 F.3d 621, 622-23 (7th Cir. 2002); *Boyer v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1138 (10th Cir. 2003).

The "single-filing" (or "piggybacking") doctrine is a judge-made exception to the rule that a timely administrative charge is a prerequisite to suit. *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 498-99 (5th Cir. 1968). The usual formulation is that if the would-be intervenor's claim arises out of the same or similar discriminatory conduct, committed in the same period, as the claim in the suit in which he wants to intervene, his failure to file a timely charge will be disregarded. E.g., *Alexander v. Fulton County*, 207 F.3d 1303, 1333 (11th Cir. 2000); *Snell v. Suffolk County*, 782 F.2d 1094, 1100 (2d Cir. 1986); *Allen v. United States Steel Corp.*, 665 F.2d 689, 695 (5th Cir. 1982). The purpose of requiring exhaustion of administrative remedies in Title VII cases is to place the employer on notice of an impending suit that he can try to head off by negotiating with the complainant, utilizing the conciliation services offered by the EEOC. *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575 (7th Cir. 1998); *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1016 (7th Cir. 1988); *Jasch v. Potter*, 302 F.3d 1092, 1094-95 (9th Cir. 2002); *Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997); *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996). That purpose, it is argued, is not engaged when the same claim has been the subject of a timely charge by another employee

of this employer. If for example the employer has fired every worker over the age of 40 and one of them has filed a timely charge, he can guess that others will, and there is no need to flood the EEOC with identical charges. Moreover, if they're really identical, then if the first can be settled administratively the rest probably can be as well; if not, not.

The second point is not impressive. The initial complainant might fail to settle out of stubbornness, in which event litigation by the others might have been averted had they been forced to participate in the EEOC's conciliation process rather than being permitted to jump directly into court. It is a useful process and its use should be encouraged. When a discrimination charge is filed, the EEOC investigates and, if it "determines that there is reasonable cause to believe that an unlawful practice has occurred or is occurring," it will "attempt to achieve a just resolution of all violations found and to obtain agreement [a 'conciliation agreement'] that the respondent will eliminate the unlawful employment practice and provide appropriate affirmative relief." 29 C.F.R. § 1601.24(a). In the past five years, conciliation has been successful in approximately 25 percent of the Title VII charges in which the Commission made a "reasonable cause" determination. That is only a small percentage of the total charges filed with the agency, but many other charges are disposed of by negotiated settlements before the Commission completes its investigation and makes a "reasonable cause" determination. 29 C.F.R. § 1601.20(a). In 2002, the Commission received 61,459 Title VII charges and found "reasonable cause" in only 4,380 of them, but 5,362 others were disposed of by negotiated settlement. See the Commission's Web site, http://www.eeoc.gov/stats/vii.html.

The conciliation process thus is important in limiting the Title VII caseload of the federal courts, and there is a risk

that the single-filing doctrine will impede it. And here we should note that the doctrine predates *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), which, though principally about the continuing-violation doctrine, is emphatic that "each discrete discriminatory act [i.e., an act that is not part of a continuing violation] starts a new clock for filing charges alleging that act." *Id.* at 113. The single-filing rule dispenses not only with the need to file a separate charge for each violation of an employee's rights, but also and necessarily with the need to file a *timely* charge. The Court's reference to the "clock" is also a reminder that the filing of a timely charge with the EEOC is, as the Court noted in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), like a statute of limitations; and if there are two victims of the same or similar wrongful activity and one sues, his suit does not toll the statute of limitations for the other to sue.

All this said, it is hard to quarrel with the original application of the single-filing doctrine, which was to class actions. See, e.g., *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414 n. 8 (1975); *Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 918 (7th Cir. 1976), affirmed under the name *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977); *Oatis v. Crown Zellerbach Corp.*, *supra*, 398 F.2d at 498-99; *Foster v. Gueory*, 655 F.2d 1319, 1322 (D.C. Cir. 1981). Requiring that every class member file a separate charge might drown agency and employer alike by touching off a multitude of fruitless negotiations. And note that a suit by *A* on behalf of a class that includes *B does* toll the statute of limitations for *B* even though he is not a named plaintiff. The cases that we have just cited make clear that the single-filing doctrine is indeed valid insofar as class actions are concerned; but it has much less to commend it, and the tension with *Zipes* and *Morgan* is stark, when as in this case there is not only no class action

but only two complainants. We can find only two cases in which the doctrine was applied when there were *so* few complainants, *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450 (11th Cir. 1993), and *Wu v. Thomas*, 863 F.2d 1543, 1547-48 (11th Cir. 1989), and in neither case was the fewness remarked. Though only the Third Circuit confines the doctrine to class actions, *Communications Workers of America v. N.J. Dept. of Personnel*, 282 F.3d 213, 217-18 (3d Cir. 2002), the doctrine's extension to other suits, as in *Alexander v. Fulton County*, 207 F.3d 1303, 1333 (11th Cir. 2000); *Shempert v. Harwick Chemical Corp.*, 151 F.3d 793, 799 (8th Cir. 1998), and *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 839-40 (6th Cir. 1994), need not go so far as to permit its application to a two-complainant case, in which the rationale of the doctrine is attenuated to the point of nonexistence. After *Morgan*, it is possible that the Supreme Court will limit the doctrine to class action cases, the only application of the doctrine that the Court has expressed approval of (in *Albemarle*).

Even if the doctrine could be thought to embrace *some* two-complainant cases, the present case would not qualify. While it is true that Horton's and Brooks's claims are intertwined, that is true in every retaliation case in which a worker is retaliated against for having supported another worker's claim. It would be a curious interpretation of the doctrine to rule that a timely charge need never be filed in such a case; yet that is the implication of allowing mere similarity to excuse the failure to file. The doctrine should at the very least be limited to cases, such as our hypothetical case of the discharge of all workers over 40, in which the unexhausted claim arises from the *same* unlawful conduct. Horton was fired (or so she alleges, for of course we express no view of the merits of either her or Brooks's claim) because she had brought an earlier suit against another

Jackson County agency. Brooks was fired because she supported Horton, by hiring her for the Juvenile Center and then by sticking up for her there until they were both fired. Retaliating against Horton for her earlier suit, and retaliating against Brooks for Brooks's support of Horton, were different unlawful acts. Although the two employees were fired from the Center the same day, they were fired for different reasons, based on different conduct—Horton's suit, and Brooks's support of that suit. The failure of conciliation with Horton cannot be assumed to have doomed an attempt at conciliation with Brooks, excusing her from filing a timely administrative charge. Unless the single-filing doctrine is limited to cases in which the claims arise from the same facts rather than merely from facts that resemble each other or are causally linked to each other, courts will perforce be excusing the filing of a timely charge in *every* case in which an employee alleges retaliation for supporting another employee's charge. Such a rule would undermine the EEOC's conciliation procedure for no good reason.

The order denying intervention is therefore

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—9-10-03