UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2005[*]
Decided November 15, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2057

|  |  |
|---|---|
| WILLIE P. HOLMAN, JR., | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *Plaintiff-Appellant,* | |
| *v.* | No. 02 C 6351 |
| REVERE ELECTRIC SUPPLY CO., | Sidney I. Schenkier, |
| *Defendant-Appellee.* | *Magistrate Judge.* |

**O R D E R**

Willie Holman, Jr., sued his employer, Revere Electric Supply Company ("Revere"), raising discrimination, harassment, and retaliation claims under Title VII and the Americans with Disabilities Act ("ADA"). With the consent of all parties, the case was assigned to a magistrate judge. Faced with cross-motions for summary judgment, the magistrate judge wrote a comprehensive and thorough opinion striking portions of affidavits that Holman submitted in support of his motion for summary judgment, and denying on procedural grounds his retaliatory

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

discharge claim.  The court then granted summary judgment for Revere.  Holman timely appealed and we now affirm.

In our de novo review of the grant of the defendant's motion for summary judgment, we review the following facts in the light most favorable to Holman.  *See Allen v. City of Chicago*, 351 F.3d 306, 311 (7th Cir. 2003).  Holman suffered a work-related injury in May 1999 and experienced related medical problems throughout the next year.  Revere's manager of human resources, Judy Adamczyk, offered Holman light-duty work that his doctors cleared him to perform, but he often failed to show up for work or even call in with an excuse.  When Holman returned to work, Revere assigned him to work in the Pipe Shed, which required him to do heavy lifting.  In August 1999 Holman submitted an internal complaint alleging the assignment was based on race because no white employees returning from an injury were assigned to the Pipe Shed.

After months of requesting that Holman provide updated medical release information, Adamczyk notified him by letter in November 1999 that his failure to update his work status could result in termination.  At a meeting to discuss Holman's failure to respond to the letter, he admitted receiving it, but claimed he never opened the envelope.  Adamczyk replied "you should open your mail and read it."

On February 1, 2000, Holman filed a charge with the EEOC and the Illinois Department of Human Rights ("IDHR") alleging that Adamczyk's reply constituted harassment based on race, disability, and in retaliation for the internal grievance he submitted.  On February 10, 2000 Revere fired Holman for "failing to follow company policies."  Holman filed an amended charge with both agencies on February 17, 2000 alleging discriminatory and retaliatory discharge for the internal complaint he had made in August 1999.  Holman did not allege in the amended charge that Revere retaliated against him for the February 1 agency charges.

In this appeal, Holman claims the district court erred by: (1) striking portions of his affidavits; (2) finding no genuine issue of material fact existed as to his harassment claims; and (3) barring him from claiming retaliatory discharge for filing his harassment charge with the EEOC.

We review a district court's decision to strike parts of an affidavit supporting or opposing a motion for summary judgment for an abuse of discretion.  *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1055 (7th Cir. 2000).  Under Federal Rule of Civil Procedure 56(e), affidavits must set forth such facts as would be admissible in evidence.  Holman contends the district court improperly struck the following statements from the affidavits of Holman's witnesses: (1) there were "incidents of racial bias"; (2) Adamczyk subjected him to "undue verbal harassment"; (3) there

was "disparate treatment"; or (4) plaintiff was terminated because of his race and physical handicap. But Holman does not explain why these statements would be admissible at trial; they are just the sort of legal conclusions that we have found improper before. *See, e.g.*, *Payne v. Pauley*, 337 F.3d 767, 772-73 (7th Cir. 2003). Holman also contends the court should have allowed his statement that Revere maintained an employee handbook. Yet he testified at an earlier deposition that there was no employee handbook. The well-established rule is that affidavits in conflict with prior sworn testimony should be disregarded. *See Kalis*, 231 F.3d at 1055. And Holman's assertion that the district court erred in requiring him to provide sworn affidavits is frivolous since Federal Rule of Civil Procedure 56(e) mandates that affidavits be sworn documents.

Holman's second argument on appeal is that the district court "ignored" statements that he believes create triable issues of fact on his disability-based and racial harassment claims. The statements he points to—from the affidavits of the union representative and Holman's supervisor that there was "harassment" and "disparate treatment"—are conclusory, and in any event fail to allege whether any such treatment was based on his race, disability, or in retaliation for protected activity. Without evidence that the adverse treatment was based on a protected characteristic, Holman has not created a triable issue of fact for a prima facie case of harassment. *See Patton v. Indianapolis Public School Bd.* 276 F.3d 334, 339 (7th Cir. 2002).

Finally, Holman argues that the district court erred in procedurally barring his claim that Revere fired him in retaliation for filing his EEOC charge. The district court barred the claim because it believed that Holman failed to plead it in his federal court complaint or in his amended charge to the EEOC. We are satisfied that he pleaded this claim in his complaint because his assertion "that he was discharged additionally based on retaliation for his earlier EEO activity" put the defendant on sufficient notice. *See* Fed. R. Civ. Proc. 8(a); *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir. 2003).

The district court erred in the reasons it gave for barring Holman from proceeding with his retaliatory discharge claim. Plaintiffs need not file an amended charge of retaliation where the catalyst for the retaliation was the filing of the original charge. *See Horton v. Jackson County Bd. of County Comm'rs*, 343 F.3d 897, 898 (7th Cir. 2003); *Gawley v. Ind. Univ.*, 276 F.3d 301, 314 n. 8 (7th Cir. 2001). But we affirm the grant of summary judgment because Holman has nevertheless failed to raise triable issues of fact. *See Aviles v. Cornell Forge Co.*, 183 F.3d 598, 603 (7th Cir. 1999) (providing that we may affirm summary judgment on any basis we find in the record). To establish a prima facie case of retaliation a plaintiff must show that he: (1) engaged in protected activity by filing a charge; (2) was treated differently than a similarly situated employee who did not file a charge;

and (3) was subjected to an adverse employment action even though he was performing his job in a satisfactory manner. *Stone v. City of Indianapolis Public Utilities*, 281 F.3d 640, 644 (7th Cir. 2002). Holman failed to present any evidence on the second element and our analysis ends here.

Accordingly, we AFFIRM the grant of summary judgment.