U.S. EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION, Plaintiff,

and

Abdullah Yahia, et al., Plaintiffs–
Intervenors

v.

NCL AMERICA INC., et
al., Defendants.

Civil No. 06–00451 SPK–BMK.

United States District Court,
D. Hawai'i.

Aug. 31, 2007.

Angela Morrison, U.S. Equal Employment Opportunity Commission, Las Vegas, NV, Anna Y. Park, Peter F. Laura, Victor Viramontes, U.S. Equal Employment Opportunity Commission, Los Angeles, CA, Connie Liem, U.S. Equal Employment Opportunity Commission, San Diego, CA, for Plaintiff.

Daphne E. Barbee, Honolulu, HI, Thomas M. Geisness, The Geisness Law Firm, Seattle, WA, for Plaintiffs–Intervenors.

Christopher S. Yeh, Darin Robinson Leong, Richard M. Rand, Steven M. Nakashima, Marr Hipp Jones & Wang LLLP, Honolulu, HI, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFFS–INTERVENORS' COMPLAINT

SAMUEL P. KING, Senior District Judge.

Defendants seek partial dismissal of Plaintiffs–Intervenors' Complaint filed November 22, 2006. (The Court has already ruled as to part of the present motion, as well as to Defendants' companion motion [Docket entry 31]. This order concerns the remaining issues, as set forth in the Court's order of August 8, 2007.) The matter was heard on August 15, 2007. Richard Rand appeared for Defendants; Thomas Geisness appeared for Plaintiffs–Intervenors and Connie Liem appeared for the Equal Employment Opportunity Commission (EEOC). For the reasons set forth, the Court DENIES the Motion.

### I.

The parties are familiar with the factual background of this employment discrimination action brought primarily under Title VII of the Civil Rights Act of 1964; the Court need not repeat the details of the allegations here. The primary remaining question for the present motion concerns the state-law statutory claim under Haw. Rev.Stat. § 378–2, which is essentially the state-law equivalent of Title VII, with potentially different remedies. The issue is whether this Court should apply the "single-filing" or "piggyback" rule set forth in cases such as *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197–98 (10th Cir.2004) to the state-law claims of four Plaintiffs–Intervenors (Nagi Alzaim, Samed Kassam, Muthana Shaibi, and Nork Yafaie) so as to excuse the 180–day filing requirement set forth in Haw.Rev.Stat. § 368–11(c).[1]

It is undisputed that each of the "dual-filed" EEOC administrative complaints of Alzaim, Kassam, Shaibi, and Yafaie were filed *after* 180–days of their allegedly wrongful terminations on July 24, 2004 (or July 25, 2004 for Kassam), but within 300 days of the terminations. That is, they

1. Section 368–11(c) provides:
   (c) No [administrative] complaint shall be filed after the expiration of one hundred eighty days after the date:

   (1) Upon which the alleged unlawful discriminatory practice occurred; or
   (2) Of the last occurrence in a pattern of ongoing discriminatory practice.

were late under state-law, but timely under federal law.[2] It is also undisputed that three *other* Plaintiffs–Intervenors (Ahmed Almraisi, Abdullah Yahia, and Ahmed Al-Mlhany) filed timely administrative complaints under Hawaii law, i.e., before the 180–day period expired. The four seek to "piggy-back" on these three timely administrative complaints.

█ It is also undisputed that Hawaii is a "worksharing" state such that administrative claims with the EEOC are deemed "dual-filed" with the Hawaii Civil Rights Commission (HCRC) (or vice-versa). Here, all seven Plaintiffs–Intervenors filed their administrative claims with the EEOC. The EEOC charges of all seven Plaintiffs–Intervenors were forwarded to, or deemed filed with, the HCRC under the workshare agreement. The four at issue were deemed untimely by the HCRC under state-law. [Declaration of Timothy A. Riera of Feb. 16, 2007, at ¶¶ 4–5]. In any event, the HCRC did not handle these cases. Rather, the EEOC took the lead and investigated and conducted some form of conciliation with Defendant or Defendants before the EEOC filed this suit. The individuals then filed a joint Complaint–in–Intervention.

It also appears undisputed that all Plaintiffs–Intervenors are making essentially the same claim of unlawful discrimination based upon their Muslim religion or national-origin (Yemeni or Middle–Eastern). Three are American citizens of Yemeni/Yemenese descent; the other four are citizens of Yemen. The terminations allegedly occurred under the same or very similar circumstances on the same day.

Although Kassam alleges he was constructively discharged (he was not terminated on July 24, 2004, but "quit" the next day)—in contrast to the others who were terminated—the claims were apparently investigated together by the EEOC.

Given the allegations in the relevant complaint, and without considering or weighing evidence, the Court considers all seven Plaintiffs–Intervenors to be making essentially the same allegations of unlawful discrimination under both Title VII and Haw.Rev.Stat. § 378–2. That is, all the claims arise out of the same circumstances and occurred within the same general time frame. Indeed, in its individual Letters of Determination finding reasonable cause, the EEOC found that "[t]he evidence also indicates a *class* of Yemeni/Middle Eastern employees were discharged because of their national origin ... the record [also] indicates that a *class* of Muslim employees were discharged because of their religion ... there is reasonable cause to believe that Respondent discriminated against Charging party and a *class* of employees because of their national origin (Yemeni/Middle Eastern) and religion (Muslim)." Defendants' Exh. B, EEOC Letters of Determination at pages 1–2 (emphases added).

Thus—but-for application of an exception such as the "single-filing" rule—the state law claims of Alzaim, Kassam, Shaibi, and Yafaie would be time-barred because they did not meet the 180–day deadline in Haw.Rev.Stat. § 368–11(c) for filing administrative claims. The question is whether to apply the exception so as to deem the state-law claims timely. Again,

---

**2.** Title VII extends the 180–day period to 300–days if filed in a "worksharing" jurisdiction. *See* 42 U.S.C. § 2000e–5(e)(1); *E.E.O.C. v. Dinuba Med. Clinic,* 222 F.3d 580, 585 (9th Cir.2000); *Urrutia v. Valero Energy Corp.,* 841 F.2d 123, 126 (5th Cir.1988) (concluding that an employment discrimination claimant is en- titled to a 300–day period for filing with the EEOC, regardless of whether other proceedings were timely instituted under state law, where a state worksharing agreement waives exclusive jurisdiction over Title VII actions as to claims filed between 80 and 300 days of the alleged unlawful employment action).

this order has no effect on the pending federal claims.

## II.

Normally, a plaintiff invoking Title VII (or similar federal statute such as the Age Discrimination in Employment Act) must exhaust administrative remedies by filing a timely EEOC charge before bringing suit. *See, e.g., Sosa v. Hiraoka,* 920 F.2d 1451, 1455 (9th Cir.1990). However, "the federal courts have universally recognized an exception to the individual filing rule which provides that 'in a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement.'" *Foster v. Ruhrpumpen, Inc.,* 365 F.3d 1191, 1197 (10th Cir.2004) (quoting *Allen v. United States Steel Corp.,* 665 F.2d 689, 695 (5th Cir.1982)). "This exception to the individual filing requirement is known alternatively as the 'single filing rule,' or 'piggybacking.'" *Id.* (citations omitted).

Filing a charge is deemed "useless" where the employer is already on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings. *Id.* (citing *Horton v. Jackson County Bd. of County Comm'rs,* 343 F.3d 897, 899 (7th Cir.2003) and *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1110 (10th Cir.2001)). "The policy behind the single filing rule is that it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC." *Thiessen,* 267 F.3d at 1110 (internal quotation marks and alteration omitted). The rule has been applied under various circumstances by (at least) the Second, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *Ruhrpumpen,* 365 F.3d at 1197 (citing cases);

*Anderson v. Unisys Corp.,* 47 F.3d 302, 308 (8th Cir.1995). The rule is "universally [held]." *Anson v. Univ. of Tex. Health Science Center,* 962 F.2d 539, 541 (5th Cir.1992). Similarly, the rule has been adopted in state courts under similar state statutes. *See Texas Parks & Wildlife Dep't v. Dearing,* —— S.W.3d ——, 2007 WL 2214683, at *24 (Tex.App. Aug.3, 2007) (publication pending). Most courts have adopted a test—especially in a class-action or class-like action—requiring only that the timely exhausted claims and the non-exhausted claims arise out of the same circumstances and occur within the same general time frame. *E.g., Stone v. First Union Corp.,* 371 F.3d 1305, 1311 (11th Cir.2004).

There is some indication that the Ninth Circuit has declined to adopt the rule. *See Inda v. United Air Lines,* 565 F.2d 554, 559 (9th Cir.1977) ("if one brings suit on his own behalf, or as a named plaintiff on behalf of a class, he must have secured a right to sue by timely following the procedures set forth in Title VII."). However, to the extent such language in *Inda* is not dicta, it has been restricted to its facts where a plaintiff sought to rely on an administrative charge of an individual employee in a *separate* action, and where the EEOC charge did not give sufficient notice that other similarly-situated persons would also be affected. *See Dukes v. Wal–Mart Stores Inc.,* 2002 WL 32769185, at *5 (N.D.Cal. Sept.9, 2002) (limiting *Inda's* application); *see also White v. BFI Waste Services, LLC,* 375 F.3d 288, 293–94 (4th Cir.2004) (observing that the single-filing rule allows plaintiffs who have not exhausted administrative filing requirements to join in a lawsuit with other plaintiff, as opposed to bringing a separate suit on their own behalf); *Price v. Choctaw Glove & Safety Co., Inc.,* 459 F.3d 595, 599 (5th Cir.2006) (same). Because the four Plaintiffs–Intervenors at issue here are invoking the "single-filing" rule to *join* with the

other three Plaintiffs–Intervenors in a class-like situation, *Inda* would not bar application of the single-filing rule.

▇ In any event, ultimately the question is not whether the Ninth Circuit would adopt, or has rejected, the rule under Title VII. Rather, the question is whether *Hawaii's* courts would adopt the rule in application of *Hawaii* statutory law. In the present posture, this Court is essentially predicting Hawaii law based upon existing authority. *See, e.g., Helfand v. Gerson,* 105 F.3d 530, 537 (9th Cir.1997) ("[the Court] must use [its] best judgment to predict how the Hawaii Supreme Court would decide [the] issue."); *Takahashi v. Loomis Armored Car Service,* 625 F.2d 314, 316 (9th Cir.1980) ("In so doing, a federal court may be aided by looking to well-reasoned decisions from other jurisdictions.").

After reviewing the authorities, the Court concludes that the "single-filing" rule applies here under Hawaii law. Hawaii's courts find federal precedent under Title VII and other similar laws to be persuasive in interpreting Haw.Rev.Stat. § 378–2. *See, e.g., Arquero v. Hilton Hawaiian Village LLC,* 104 Hawai'i 423, 91 P.3d 505, 511–12 (2004) ("In interpreting HRS § 378–2, we have held that federal courts' interpretations of Title VII ... are persuasive, but not controlling."); *Shoppe v. Gucci America, Inc.,* 94 Hawai'i 368, 377, 14 P.3d 1049, 1058 (2000) ("In interpreting HRS § 378–2 in the context of race and gender discrimination, we have previously looked to the interpretations of analogous federal laws by the federal courts for guidance.").

Although the parties have not cited, and the Court has not found any published Hawaii authority reaching this issue, the Hawaii Supreme Court has allowed an "untimely" plaintiff to intervene in a similar circumstance. *See Kepo'o v. Kane,* 106 Hawai'i 270, 103 P.3d 939, 954–55 (2005) (allowing late intervention where other parties had filed timely complaints) (citing with approval *Cook v. Boorstin,* 763 F.2d 1462, 1465 (D.C.Cir.1985) (explaining that generally circuit courts have "allowed the exhaustion requirement [pursuit to civil action under Title VII] to be satisfied vicariously [(i.e., by other parties)] under certain circumstances") (square brackets in original)).

Here, the Defendant (or Defendants) had ample notice of Plaintiffs–Intervenors' claims. All seven Plaintiffs–Intervenors had filed timely federal EEOC administrative claims and the EEOC investigated and ultimately found cause to bring suit on its own under federal law. Under such circumstances, the same policies that allow a "single filing rule" under Title VII apply with equal force under the Hawaii statute. *Ruhrpumpen,* 365 F.3d at 1197 ("The act of filing a charge is deemed 'useless' in situations in which the employer is already on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings.") (citations omitted).

### III.

Defendants argue that, even if the "single filing" rule is well-accepted, it "does not apply to individuals who actually filed their own charges." Reply memorandum at 5 (citing cases). They appear to be only half right. Such an exception to the single-filing exception might properly bar a late *suit,* but does not have to bar a late administrative *claim.*[3] All the cases cited

---

3. Two different statutes of limitations are at issue. Under Hawaii law, an administrative claim must be filed within 180–days of the unlawful discriminatory action. Haw.Rev. Stat. § 368–11. This is a different deadline than that for filing suit. Once the HCRC issues a right-to-sue letter, the plaintiff then has 90–days under state law within which to file a civil action in court. Haw.Rev.Stat. § 368–12; see also 42 U.S.C. § 2000e–5(f)(1).

by Defendants where courts have refused to apply the single-filing rule are either (1) where a plaintiff has filed his or her own administrative claim and then failed to file a timely federal *suit,*[4] or (2) where the party attempted to add a different theory to that which was exhausted.[5]

Different policy considerations are at issue where a plaintiff has allowed a suit-filing deadline to lapse after obtaining a right-to-sue letter. Allowing such a deadline to lapse would demonstrate dilatoriness or lack of diligence (or waiver); not allowing "piggybacking" would be consistent with the policy behind enforcing statutory deadlines. Once that filing date has passed, he or she might properly be barred for reasons of repose from "piggybacking" on a more diligent plaintiff.

Such an exception to the single-filing rule, however, does not (or should not) apply to bar a plaintiff from "piggy-backing" on other properly-exhausted state-law administrative claims, especially where (1) the claims were otherwise timely under *federal* law, (2) the claims were of a class nature, and (3) the claims were investigated on a joint basis. Again, the EEOC found—even with Kassam—that "[t]he evidence . . . indicates a *class* of Yemeni/Middle Eastern employees were discharged because of their national origin . . . the record [also] indicates that a *class* of Muslim employees were discharged because of their religion . . . there is reasonable cause to believe that Respondent discriminated against . . . a *class* of employees because of their national origin (Yemeni/Middle Eastern) and religion (Muslim)." Defendants' Exh. B, EEOC Determination letters at pages 1–2 (emphases added).

Courts have recognized the irony in barring a plaintiff who at least *attempted* to exhaust administrative remedies in a timely manner but not barring a plaintiff who did nothing until after the federal suit was filed. *See, e.g., Anderson,* 47 F.3d at 308–09 (recognizing the irony but applying the exception to the rule where the plaintiffs had obtained their own right-to-sue letters, but failed to file a federal *suit* ). Enforcing the "exception to the exception" (i.e., bar application of the single-filing rule because the four Plaintiffs–Intervenors had filed their own administrative claims after 180–days) would indeed be ironic here. It would potentially reward someone who did *nothing* while penalizing someone who made good-faith attempts to satisfy administrative prerequisites.

Recognizing the competing policy concerns, the Court concludes that the "exception to the exception" should not apply to bar the suit here. The piggyback rule exists to excuse the exhaustion requirement where, as here, there is little risk of unfair prejudice to Defendants. All Plaintiffs–Intervenors filed timely federal administrative claims. All filed a timely federal suit. The EEOC is a joint Plaintiff. The EEOC investigated the claim or claims on a joint basis. The claims are of a class nature. Defendant (or Defendants) were on notice that all Plaintiffs–Intervenors were pursuing actions. Even if the potential remedies might be different under state law than under federal law, the "single-filing" or "piggyback" rule should apply to allow the parallel state law claims to continue for all the Plaintiffs–Intervenors.

---

4. *See, e.g., Anderson,* 47 F.3d at 308 (concluding that failure of plaintiffs to file suit within the proper period after receiving a right-to-sue letter precluded them from joining another plaintiff's claim); *Gitlitz v. Compagnie Nationale Air France,* 129 F.3d 554, 558 (11th Cir.1997); *Campbell v. Nat'l R.R. Passenger Corp.,* 163 F.Supp.2d 19, 25 (D.D.C.2001).

5. *Mooney v. Aramco Services,* 54 F.3d 1207, 1223 (5th Cir.1995).

### IV.

In their opposition papers, Plaintiffs–Intervenors also argue that it is premature to dismiss their claims under 42 U.S.C. § 1981 and for Negligent/Intentional Infliction of Emotional Distress under state law. These points were not stressed by the parties and these arguments may have been meant only as to the claims against Co–Defendants Norwegian Cruise Line, Ltd., and Norwegian Corporation, Ltd. (the subject of the companion motion, which this Court has denied on different grounds).

Regardless, to the extent Defendants seek to dismiss claims under section 1981 and under state common law, the Court agrees that it would be premature to dismiss the claims at this stage of the litigation. Assuming the allegations of the complaint are true, claims are stated for violations of section 1981 and negligent or intentional infliction of emotional distress.

### V.

For the foregoing reasons, Defendants' Motion to Partially Dismiss Plaintiffs–Intervenor's Complaint is DENIED.

IT IS SO ORDERED.