**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**FRY'S ELECTRONICS, INC.,** Defendant.

**No. C10–1562RSL.**

United States District Court, W.D. Washington.

March 17, 2011.

John Freeman Stanley, May R. Che, Equal Employment Opportunity Commission, Seattle, WA, William R. Tamayo, U.S. Equal Employment Opportunity Commission, San Francisco, CA, for Plaintiff.

Patricia A. Eakes, Rachel L. Hong, Yarmuth Wilsdon Calfo PLLC, Seattle, WA, for Defendant.

## ORDER DENYING AMERICA RIOS' MOTION TO INTERVENE

ROBERT S. LASNIK, District Judge.

### I. INTRODUCTION

This matter comes before the Court on "Intervenor Plaintiff America Rios' Motion

to Intervene." Dkt. # 29. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct defendant Fry's Electronics' allegedly discriminatory and retaliatory employment practices and to recover appropriate relief for the two individuals who were adversely affected by those practices, namely Ka Lam and America Rios. The parties agreed that Mr. Lam should be permitted to intervene as of right in the above-captioned matter, and he was permitted to intervene by the Court's February 14, 2011 order, 2011 WL 666328. Dkt. # 44. Ms. Rios now moves to intervene.

Having considered the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## II. ANALYSIS

Title VII of the Civil Rights Act of 1964 authorizes the EEOC, upon the filing of a charge of discrimination, to notify the employer, investigate the charge, and attempt to conciliate. 42 U.S.C. § 2000e–5(b). If conciliation fails, the EEOC is authorized to bring a civil action against the employer on behalf of the complainant. 42 U.S.C. § 2000e–5(f). The EEOC is also authorized to bring suit on behalf of individuals who did not file a charge if it discovers other violations in the course of a "reasonable investigation" into a valid charge. *EEOC v. Occidental Life Ins. Co. of California*, 535 F.2d 533, 541–42 (9th Cir.1976).

Aggrieved individuals who wish to file suit or to intervene in a suit brought by the EEOC on their behalf are ordinarily required to exhaust their administrative remedies. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990). Plaintiffs exhaust their administrative remedies by, inter alia, filing a charge of discrimination with the EEOC within the limitation period contained in Section 2000e–5(e). "Inci-

dents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" *Green v. Los Angeles Cty. Superintendent of Schools*, 883 F.2d 1472, 1475–76 (9th Cir.1989) (quoting *Brown v. Puget Sound Elec. Apprent. & Training Trust*, 732 F.2d 726, 729 (9th Cir.1984)). The purpose behind the exhaustion requirement "is to place the employer on notice of an impending suit that he can try to head off by negotiating with the complainant, utilizing the conciliation services offered by the EEOC." *Horton v. Jackson Cty. Bd. of Cty. Comm'rs*, 343 F.3d 897, 899 (7th Cir. 2003) (citation omitted); *see also Moore v. City of San Jose*, 615 F.2d 1265, 1271 (9th Cir.1980) ("In enacting Title VII, Congress has specifically endorsed voluntary compliance and settlement as the preferred means of achieving the elimination of unlawful employment discrimination." (citation omitted)).

Individuals who file a charge of discrimination with the EEOC (like Mr. Lam) have an unconditional right to intervene in suits that the EEOC brings on their behalf. 42 U.S.C. § 2000e–5(f)(1). The right to intervene of individuals who do not file a charge with the EEOC, on the other hand, is not clear from the statutory text and is the subject of some debate. *See, e.g., Anson v. Univ. of Tex. Health Science Center at Houston*, 962 F.2d 539, 541–42 (5th Cir. 1992) (discussing treatment of non-charging Title VII intervenors among various circuits). While these individuals have failed to exhaust their administrative remedies, one could argue that barring an individual from intervening in a suit brought on his or her behalf is overly formalistic and at odds with the policies behind Title VII.

Plaintiff-intervenor Rios puts forth two arguments why she should be able to intervene in this matter: a) because the statutory text affords her an unconditional right to intervene; and alternatively b) because her claims are so related to those of plaintiff Lam that they should be excepted from the exhaustion requirement under the "single filing rule."

## A. Statutory Right of Intervention

Plaintiff-intervener Rios argues that she must be permitted to intervene under Rule 24 of the Federal Rules of Civil Procedure, which requires that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute." Fed. R.Civ.P. 24(a). With respect to the timeliness requirement, the parties debate whether Ms. Rios' motion to intervene was submitted in accordance with the deadlines established in the Court's December 7, 2010 order (Dkt. # 23). The Court's order set a January 4, 2011 deadline for joining additional parties, and Ms. Rios filed her motion to intervene on December 23, 2010. *See* Minute Order (Dkt. # 23) at 1; Motion to Intervene (Dkt. # 29). Because the Court finds Ms. Rios' motion to be submitted in a timely fashion, it must grant her motion if a statute of the United States grants her an unconditional right to intervene.

 Ms. Rios relies on the provision of Title VII that states that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." 42 U.S.C. § 2000e–5(f)(1). This right to intervene granted to "persons aggrieved" must be read in concert with Title VII's exhaustion requirement. *See Lyons v. England,* 307 F.3d 1092, 1104 (9th Cir. 2002) ("To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII

claim." (citation omitted)). Furthermore, the structure of Section 2000e–5(f)(1) as a whole supports the interpretation that only complainants who have filed a charge with the EEOC have an unconditional right to intervene. Section 2000e–5(f)(1) elsewhere requires the EEOC to notify "the person aggrieved" if it dismisses their administrative charge or decides not to pursue a civil action; upon receipt of such notice, the individual may bring a civil action against the respondent named in the charge. Under this provision, the person whom the EEOC is required to notify, and who thereby gains the right to sue, is clearly the person who filed the charge rather than every person who might have constitutional standing to sue because they were injured or "aggrieved." This specific use of the term "person aggrieved" is within the same statutory subsection that describes the right of intervention. Because courts "interpret identical phrases used in the same statute to bear the same meaning," the Court finds that Congress intended to limit the right of intervention to those "persons aggrieved" who previously filed a charge with the EEOC. *United States v. Maciel–Alcala,* 612 F.3d 1092, 1098 (9th Cir.2010) (citing *Gustafson v. Alloyd Co.,* 513 U.S. 561, 570, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995)). "[I]f Congress intended for the person who filed the charge ("the person aggrieved") to be the only person statutorily entitled to notice and consequently to file suit in the event the EEOC dismissed or declined to act on the charge, Congress must also have intended for the person who filed the charge ("the person aggrieved") to be the only person statutorily entitled to intervene in the event the EEOC determined to commence a civil action based on the charge." *Spirt v. Teachers Ins. and Annuity Ass'n,* 93 F.R.D. 627, 640 (S.D.N.Y.1982), *rev'd on*

*other grounds,* 691 F.2d 1054 (2d Cir. 1982).[1]

Accordingly, the Court finds that plaintiff-intervenor Rios does not have an unconditional right to intervene under 42 U.S.C. § 2000e–5(f)(1). Ms. Rios may thus be permitted to intervene only if her failure to exhaust her administrative remedies is excused by the "single filing rule."

## B. The "Single Filing Rule"

■ The single filing rule is an exception to the exhaustion requirement "which provides that 'in a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement.'" *Foster v. Ruhrpumpen, Inc.,* 365 F.3d 1191, 1197 (10th Cir.2004) (quoting *Allen v. United States Steel Corp.,* 665 F.2d 689, 695 (5th Cir.1982)). The rule is "universally recognized." *Foster,* 365 F.3d at 1197; *see also Anson,* 962 F.2d at 541 (federal courts "universally hold" that rule applies "under certain conditions"). "The policy behind the single filing rule is that it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC." *Thiessen v. Gen. Elec. Capital*

*Corp.,* 267 F.3d 1095, 1110 (10th Cir.2001) (internal quotation omitted). If "[t]he purpose of requiring exhaustion of administrative remedies in Title VII cases is to place the employer on notice of an impending suit that he can try to head off by negotiating with the complainant, utilizing the conciliation services offered by the EEOC," that purpose "is not engaged when the same claim has been the subject of a timely charge by another employee of this employer." *Horton,* 343 F.3d at 899.

■ In order for a non-charging party to be exempt from the exhaustion requirement under the single filing rule, district courts typically require that the claims be "nearly identical" to the claims raised by the charging individuals. *See, e.g., E.E.O.C. v. Albertson's LLC,* 579 F.Supp.2d 1342, 1345 (D.Colo.2008) (allowing intervention where "claims for class-wide retaliation, and the supporting allegations, are 'nearly identical' or verbatim to those asserted in this case by [the charging party] and the EEOC"); *Outback Steak House of Fla., Inc.,* 245 F.R.D. at 659 (allowing intervention by "individuals with 'nearly identical' claims to the charging parties"); *E.E.O.C. v. Von Maur, Inc.,* 237 F.R.D. 195, 200 (S.D.Iowa 2006) (addressing right of intervention under "the 'nearly identical' inquiry"). In an oft-cited decision, the Seventh Circuit criticized use

---

**1.** This interpretation of the term "the person aggrieved" has been adopted by other courts that have addressed this issue. *See, e.g., E.E.O.C. v. Univ. of Phoenix, Inc.,* No. CV–06–2303–PHX–MHM, 2008 WL 1971396, at *3 (D.Ariz. May 2, 2008) (ruling that "[b]ecause none of these individuals brought religious discrimination claims with the EEOC, the Court cannot conclude that they are aggrieved persons within the meaning of the statute."); *E.E.O.C. v. GMRI, Inc.,* 221 F.R.D. 562, 563 n. 4 (D.Kan.2004) ("Under the provisions of 42 U.S.C. § 2000e–5(f)(1), 'an aggrieved person is defined as a person who has filed a charge with the EEOC.'" (quoting

*E.E.O.C. v. Rappaport, Hertz, Cherson & Rosenthal, P.C.,* 273 F.Supp.2d 260, 263 (E.D.N.Y.2003))). Other courts incorporate the single filing rule into the statute's definition of an "aggrieved person." *See, e.g., E.E.O.C. v. Outback Steak House of Fla., Inc.,* 245 F.R.D. 657, 660 (D.Colo.2007) ("[A] plaintiff who failed to file a charge of discrimination with the EEOC, but who asserts she was subject to similar discrimination by the same actors during the same time frame as the charging parties, is an 'aggrieved person' within the meaning of [Section 2000e–5(f)(1)].").

of the doctrine outside of the class-action setting and limited the doctrine to cases "in which the unexhausted claim arises from the *same* unlawful conduct." *Horton,* 343 F.3d at 900 (emphasis in original); *see also id.* (in two-complainant cases "the rationale of the doctrine is attenuated to the point of nonexistence"). The Third Circuit limits the doctrine strictly to class actions where all class members are by definition similarly situated. *See Commc'n Workers of Am. v. N.J. Dep't of Personnel,* 282 F.3d 213, 217–18 (3d Cir.2002).

Defendant argues that application of the single filing rule is barred by the Ninth Circuit's decision in *Inda v. United Air Lines,* 565 F.2d 554 (9th Cir.1977). Unlike this case, however, *Inda* involved a non-charging plaintiff's attempt to rely on another individual's charge in a separate, independent lawsuit. *See id.* at 559. *Inda* has since been held to permit application of the single filing rule in cases where a non-charging party seeks to join a class action or intervene in a suit filed by the EEOC. *See Dukes v. Wal–Mart Stores, Inc.,* No. C 01–2252 MJJ, 2002 WL 32769185, at *6–7 (N.D.Cal. Sept. 9, 2002) (recognizing *Inda's* limited application); *see also E.E.O.C. v. NCL Am. Inc.,* 504 F.Supp.2d 1008, 1011–12 (D.Haw.2007) (discussing in dicta *Inda's* inapplicability where non-charging party intervenes in EEOC suit). Because Ms. Rios is attempting to intervene in a pending suit, and not to file a separate suit on her own behalf, *Inda* would not bar application of the single filing rule in this case.

█ That *Inda* does not bar the application of the single filing rule in this case, however, does not necessarily mean that Ms. Rios may intervene. Here, the discriminatory conduct Ms. Rios alleges is not "nearly identical" or even substantially similar to that charged by Mr. Lam. While Ms. Rios' discrimination claim is a factual predicate of Mr. Lam's retaliation claim,

the two claims involve different elements and are legally independent. *See Little v. Windermere Relocation, Inc.,* 265 F.3d 903, 913 (9th Cir.2001) (plaintiff in retaliation action need not show that opposed employment practice was actually unlawful). Furthermore, the two claims involve different conduct: Mr. Lam alleges he was fired for opposing workplace discrimination, while Ms. Rios alleges that she was subjected to a hostile work environment. Judge Posner's analysis of a comparable pairing in *Horton* is instructive:

> "While it is true that [the intervenor]'s and [the charging party]'s claims are intertwined, that is true in every retaliation case in which a worker is retaliated against for having supported another worker's claim. It would be a curious interpretation of the doctrine to rule that a timely charge need never be filed in such a case; yet that is the implication of allowing mere similarity to excuse the failure to file … Unless the single-filing doctrine is limited to cases in which the claims arise from the same facts rather than merely from facts that resemble each other or are causally linked to each other, courts will perforce be excusing the filing of a timely charge in *every* case in which an employee alleges retaliation for supporting another employee's charge." *Horton,* 343 F.3d at 901 (emphasis in original).

While *Horton* involved a scenario that was the inverse of this matter, in which the charging party alleged discrimination and the intervenor alleged retaliation, its reasoning is equally applicable to cases in which the intervenor alleges the primary discrimination. If Ms. Rios were allowed to intervene solely because Mr. Lam's retaliation claim is causally linked to her own claim, it would excuse her failure to file a timely administrative charge even though defendant had neither notice of her intent to sue nor the opportunity to avail itself of

the EEOC's conciliation services. Accordingly, the Court finds that Ms. Rios' claim is not "nearly identical" to Mr. Lam's retaliation claim and that her failure to exhaust her administrative remedies by filing a timely charge with the EEOC is not excused by the single filing rule.

Because the Court finds that Ms. Rios should not be permitted to intervene, it does not reach her supplemental jurisdiction argument.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Ms. Rios does not have an unconditional right to intervene in this matter because she did not file an administrative charge of discrimination with the EEOC. The Court also finds that the "single filing rule" does not excuse Ms. Rios' failure to file an administrative charge because her hostile work environment claim is not "nearly identical" to the retaliation claim filed by Mr. Lam.

ACCORDINGLY, Ms. Rios' motion to intervene is DENIED.