# United States Court of Appeals
## For the First Circuit

No. 02-1985

JORGE LUIS TAPIA-TAPIA,

Plaintiff, Appellant,

v.

JOHN E. POTTER, POSTMASTER GENERAL, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Selya and Lipez,

Circuit Judges.

Nicolas Nogueras, Jr. on brief for appellant.
Humberto S. Garcia, United States Attorney, Fidel A. Sevillano Del Rio, Assistant United States Attorney, Eric J. Scharf, Managing Counsel, Civil Practice, and Christopher J. Burton, Attorney, U.S. Postal Service, on brief for appellees.

March 19, 2003

**SELYA**, <u>Circuit Judge</u>.  This appeal arises out of a civil action brought by plaintiff-appellant Jorge Luis Tapia-Tapia (Tapia), a longtime postal worker, against the Postmaster General, the United States, and the United States Postal Service.[1]  (We sometimes refer to the defendants-appellees, collectively, as the Postal Service.)  In his amended complaint, the appellant alleges violations of the First and Fifth Amendments to the United States Constitution and several federal statutes, including the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.  Pertinently, he claims that the Postal Service engaged in a pattern of discriminatory harassment toward him "because of [his] age and his exercise of his freedom of speech right, and his refusal to retire."  The appellees moved for brevis disposition, averring, inter alia, that the appellant had failed to comply with applicable administrative requirements prior to suing for age discrimination, and that his remaining claims were precluded for a variety of other reasons.

The district court granted the motion in part.  <u>Tapia Tapia</u> v. <u>Henderson</u>, Civ. No. 99-2408, slip op. (D.P.R. Apr. 25, 2001) (unpublished).  Only two aspects of that decision are

---

[1]As to the first named defendant, the appellant originally sued William J. Henderson in his official capacity as Postmaster General.  Time has passed, however, and John E. Potter now occupies that office.  By operation of law, Potter has been substituted for Henderson as a party defendant. <u>See</u> Fed. R. Civ. P. 25(d)(1); Fed. R. App. P. 43(c)(2).

relevant to the issues on appeal.[2]  First, the court dismissed the appellant's constitutional claims on the ground that the ADEA provides the exclusive remedy for age discrimination.  Id. at 3. Second, the court ordered the appellant to show cause why his ADEA claim should not be dismissed for failure to comply with statutory preconditions to suit.  Id. at 3-4.

The appellant did not respond to the show-cause order, and the court proceeded to dismiss the age discrimination claim. Tapia Tapia v. Henderson, No. 99-2408, slip op. (D.P.R. May 14, 2002) (unpublished).  The appellant sought reconsideration, maintaining that he was not required to comply with the ADEA's preconditions to suit.  The district court rejected this proposition, reaffirmed the order of dismissal, and directed the entry of final judgment.  Tapia Tapia v. Henderson, No. 99-2408, slip op. (D.P.R. June 28, 2002) (unpublished).  This timely appeal followed.

The relevant facts are largely undisputed.  At all times material hereto, the appellant worked as a mechanic for the Postal Service.  As such, he was represented by a local union, which had a collective bargaining agreement (CBA) with the Postal Service. The CBA created a grievance/arbitration procedure through which employees within the bargaining unit (like the appellant) might

_____

[2]The court dismissed several of the appellant's other claims as well, but those portions of the court's decision have not been challenged on appeal.  Thus, we need not discuss them here.

seek redress for employment-related harms. Although the appellant had used this procedure in the past, he did not attempt to grieve the matters of which he complains in the instant action (the acts constituting the so-called pattern of discriminatory harassment). Moreover, he never provided the Equal Employment Opportunity Commission (EEOC) with prior notice of his intent to sue.[3]

Against this backdrop, we address the appellant's specific assignments of error, looking first to his ADEA claim. Under that statute, a federal employee may pursue an age discrimination claim by filing a charge of discrimination with the EEOC, and, after an appropriate interval, filing a civil action in a federal district court. See 29 U.S.C. § 633a(b), (c). In the alternative, a federal employee may provide timely written notice to the EEOC of his intent to sue, wait for a stipulated interval (thirty days) to elapse, and then commence a civil action. See id. § 633a(d).

In this case, the appellant blithely proceeded to sue without either filing an administrative claim or giving the EEOC prior written notice of an intention to sue. Compliance with this administrative protocol is a precondition to suit in most cases — we shall discuss an exception shortly, see infra note 4 — and such compliance must occur before a federal court may entertain a suit

---

[3]We need not dwell on the details of the alleged harassment because the facts recounted above dictate the result we must reach.

-4-

that seeks recovery for an alleged violation of the ADEA.  Mercado-Garcia v. Ponce Fed. Bank, 979 F.2d 890, 895 (1st Cir. 1992); Powers v. Grinnell Corp., 915 F.2d 34, 37 (1st Cir. 1990).  At first blush, then, it appears that the district court appropriately dismissed the appellant's ADEA claim.

The appellant has two rejoinders.  First, he emphasizes that the district court disposed of this claim on a motion to dismiss, and, citing cases such as Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), and Conley v. Gibson, 355 U.S. 41, 47-48 (1957), asseverates that his amended complaint should have been more liberally construed.  That asseveration misses the point.  The district court gave the appellant the benefit of the doubt by affording him an opportunity, through the show-cause order, to demonstrate that he had satisfied the preconditions for bringing suit on the ADEA claim.  The appellant was unable to make the requisite showing.  Given that failure, the court was not obliged to allow the claim to linger.  See Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-27 (1st Cir. 2002) (upholding dismissal of an ADA claim in similar circumstances).

Second, the appellant argues that the ADEA's procedural requirements do not apply to his age discrimination claim. The fly in the ointment, however, is that he offers no plausible explanation as to why his claim should be exempted.  Given the appellant's unexcused failure to follow clearly stated procedural

requirements, the district court had no choice but to dismiss his ADEA claim.[4]  Cf. <u>Bonilla</u> v. <u>Muebles J. J. Alvarez, Inc.</u>, 194 F.3d 275, 277-79 (1st Cir. 1999) (affirming a dismissal, for similar reasons, of a claim brought under the Americans with Disabilities Act).

The appellant suggests that the amended complaint also can be read as stating a claim under Title VII, 42 U.S.C. §§ 2000e to 2000e-17.  We see no adequate basis for this suggestion.  We add, however, that even if the complaint is so read, the appellant gains no advantage.  Like the ADEA, Title VII conditions a plaintiff's ability to sue on compliance with certain administrative requirements.  <u>See</u>, <u>e.g.</u>, <u>id.</u> § 2000e-5.  The appellant does not pretend to have satisfied those requirements.

We turn next to the appellant's constitutional claims. To the extent that these claims are a mere restatement of his age

---

[4]We say "unexcused" because these procedural requirements, while compulsory, are not jurisdictional. <u>See</u> <u>Zipes</u> v. <u>Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982). The need for compliance is, therefore, "subject to the usual gamut of equitable exceptions." <u>Bonilla</u> v. <u>Muebles J. J. Alvarez, Inc.</u>, 194 F.3d 275, 278 (1st Cir. 1999). But courts take a "narrow view" of equitable exceptions to such statutory requirements, <u>Rys</u> v. <u>United States Postal Serv.</u>, 886 F.2d 443, 446 (1st Cir. 1989), and the appellant has not suggested that any particular grounds exist for equitable tolling. Consequently, we deem any such argument foreclosed. <u>See</u> <u>Bonilla</u>, 194 F.3d at 279 (sustaining dismissal of an ADA suit for failure to comply with procedural notice requirements where the plaintiff "d[id] not allege any facts that remotely suggest a plausible basis for [equitable] relief"); <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) (concluding that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed abandoned).

discrimination claim, they are not justiciable. The ADEA provides the exclusive federal remedy for age discrimination in employment. See Lafleur v. Tex. Dep't of Health, 126 F.3d 758, 760 (5th Cir. 1997); Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991); Zombro v. Baltimore City Police Dep't, 868 F.2d 1364, 1369 (4th Cir. 1989).

The district court ended its analysis at this point. The appellant, however, suggests that his constitutional claims sweep more broadly, extending beyond the realm of age discrimination. To the extent (if at all) that this suggestion has a basis in the record, the appellant's constitutional claims are still foreclosed.

The appellant brings these claims against three defendants — the United States, the United States Postal Service, and the Postmaster General (in his official capacity) — seeking money damages. The doctrine of sovereign immunity bars such claims against the United States. FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Horn, 29 F.3d 754, 761 (1st Cir. 1994). Indeed, in the absence of a specific statutory authorization (and the appellant points to none), the only way in which a suit for damages arising out of constitutional violations attributable to federal action may be brought is under the doctrine of Bivens v. Six Unknown Agents of the FBN, 403 U.S. 388 (1971). However, the remedy provided in Bivens does not breathe life into the

-7-

appellant's otherwise moribund constitutional claims.  We explain briefly.

In Bivens, the Supreme Court allowed a suit for damages against federal officers in their individual capacities for alleged violations of the plaintiff's constitutional rights.  Id. at 389. But the government's sovereign immunity does not vanish simply because government officials may be personally liable for unconstitutional acts.  See Gonsalves v. IRS, 975 F.2d 13, 15 (1st Cir. 1992); Am. Ass'n of Commodity Traders v. Dep't of Treasury, 598 F.2d 1233, 1235 (1st Cir. 1979).  Accordingly, the appellant's claims against the United States are a dead letter.

This leaves the Postal Service and the Postmaster General.  Although the Postal Service does not enjoy the protection of complete sovereign immunity in the circumstances of this case, see 39 U.S.C. §§ 401(1), 409(c), the Supreme Court has refused to recognize a Bivens remedy against federal agencies (even those for which sovereign immunity has been broadly waived).  See Meyer, 510 U.S. at 484-86.  Hence, the appellant cannot rewardingly direct his constitutional claims against the Postal Service.

By like token, the appellant does not have a viable Bivens claim against the Postmaster General.  He has sued the Postmaster General solely in the latter's official capacity. Bivens suits only can be brought against federal officers in their individual capacities.  See Rivera v. Riley, 209 F.3d 24, 28 (1st

Cir. 2000); <u>Affiliated Prof'l Home Health Care Agency</u> v. <u>Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999); <u>Buford</u> v. <u>Runyon</u>, 160 F.3d 1199, 1203 (8th Cir. 1998); <u>Sanchez-Mariani</u> v. <u>Ellingwood</u>, 691 F.2d 592, 596 (1st Cir. 1982). The absence of any "individual capacity" defendant sounds the death knell for any purported <u>Bivens</u> claim.

We need go no further.[5] For the reasons elucidated above, the district court appropriately dismissed both the appellant's statutory claim of age discrimination and his various constitutional claims.

**Affirmed**.

---

[5]Citing cases such as <u>Schweiker</u> v. <u>Chilicky</u>, 487 U.S. 412, 425-29 (1988), and <u>Bush</u> v. <u>Lucas</u>, 462 U.S. 367, 389 (1983), the appellees argue that no direct constitutional claim for damages is available due to the existence of a comprehensive statutory scheme for the resolution of employment disputes involving postal workers. There is substantial support in the case law for that view. <u>See</u>, <u>e.g.</u>, <u>Turner</u> v. <u>Holbrook</u>, 278 F.3d 754, 757-58 (8th Cir. 2002); <u>Bennett</u> v. <u>Barnett</u>, 210 F.3d 272, 274-76 (5th Cir. 2000); <u>Pipkin</u> v. <u>United States Postal Serv.</u>, 951 F.2d 272, 275-76 (10th Cir. 1991). We leave the preclusion question for another day, however, as this record contains more obvious grounds for affirmance of the decision below.