[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12303
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00998-CV-J-20-TEM

VIVIAN ANN BURNETT,

Plaintiff-Appellant,

versus

CITY OF JACKSONVILLE, FL,
JACKSONVILLE SHERIFF'S OFFICE,
DAVID WILLIAMS,
JSO Chaplain,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 27, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Vivian Ann Burnett appeals pro se the dismissal without prejudice of her civil action alleging gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), 3(a), for failure to allege that she exhausted her administrative remedies. Burnett argues that the district court erred in dismissing her complaint without first affording her an opportunity to submit evidence to establish that she had exhausted her administrative remedies. After careful review, we affirm.[1]

We review de novo a district court's order granting a motion to dismiss. McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quotation omitted). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotation omitted). A plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions

---

[1] We also GRANT Appellant's motion to file her reply brief out-of-time.

masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

"Before instituting a Title VII action in federal district court, a private plaintiff must file an [Equal Employment Opportunity Commission ("EEOC")] complaint against the discriminating party and receive statutory notice from the EEOC of [] her right to sue the respondent named in the charge." Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996); 42 U.S.C. § 2000e-5(f)(1). As we have explained, "[t]he purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (alteration in original). Finally, "a plaintiff must generally allege in [her] complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'" Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982) (citing Fed.R.Civ.P. 9(c)).

On the record here, the district court did not err in dismissing Burnett's complaint and affording her an opportunity to re-file it to cure any defects. Even construing her complaint liberally, Burnett did not generally allege that she

exhausted her administrative remedies. See Jackson, 678 F.2d at 1010. Specifically, Burnett's complaint did not allege that she filed a complaint with the EEOC or that she was issued a right-to-sue letter prior to filing the instant lawsuit. Nor did she attach any documents to her complaint or allege any facts to suggest that she had exhausted her remedies with the EEOC.

Burnett argues on appeal that the EEOC issued her a right-to-sue letter, and that the district court erred in denying her an opportunity to submit evidence to support her claims. However, in its order, the district court expressly said that Burnett could re-file her complaint to cure any defects. Burnett chose to file the instant appeal instead of re-filing her complaint to include allegations that she had exhausted her administrative remedies. See Schuurman v. Motor Vessel Betty KV, 798 F.2d 442, 444-45 (11th Cir. 1986) (noting that dismissal of the complaint provides a plaintiff with the choice of pursuing a permissive right to amend the complaint or of treating the order as final and appealable, unless the district court explicitly held that the plaintiff may not amend the complaint). While her motion to strike indicated that she had certain documents "ready and available," she did not attach any documents to her motion to strike or allege any further facts to establish that she had filed a complaint with the EEOC. Thus, Burnett's complaint and motion to strike, without more, do not raise her right to relief above a

speculative level because nothing indicates that she has exhausted her administrative remedies as to her Title VII claims against the JSO. Bell Atl. Corp., 550 U.S. at 555. Furthermore, if Burnett has exhausted her administrative remedies, she may re-file in the district court to allege that she has, as her case was not dismissed with prejudice.[2]

For these reasons, the district court did not err by dismissing Burnett's complaint without prejudice.

**AFFIRMED.**

---

[2] Assuming that the EEOC issued Burnett a right-to-sue letter, as alleged, it is possible that the 90-day deadline to file suit after receipt of the letter has elapsed. See 42 U.S.C. § 2000e-5(f)(1). Further, it is possible that the 300-day statute of limitations period has also elapsed, but it is not known whether Burnett might be entitled to either equitable tolling or the "continuing violation" rule. See 42 U.S.C. § 2000e-5(e)(1); Carter v. West Pub. Co., 225 F.3d 1258, 1263-66 (11th Cir. 2000) (discussing continuing violation and equitable tolling).