# United States Court of Appeals
## For the First Circuit

No. 19-1679

FRANCISCO PÉREZ-ABREU; OLGA FELIX-ANCONA;
CONJUGAL PARTNERSHIP PÉREZ-FELIX,

Plaintiffs, Appellants,

v.

METROPOL HATO REY LLC; RESTAURANT METROPOL 3, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Chief Judge,
Barron, Circuit Judge,
and McAuliffe,* District Judge.

Javier A. Rivera-Vaquer, with whom Jose A. Rivera-Cordero
and Rivera Mercado & Rivera Cordero were on brief, for
appellants.
Luis E. Pabon-Roca, with whom Clarisa Sola-Gomez and Faccio
& Pabon Roca were on brief, for appellees.

July 9, 2021

_____

* Of the District of New Hampshire, sitting by designation.

**McAULIFFE**, **District Judge**. Appellant, Francisco Pérez-Abreu, brought suit against his employer, a restaurant called the Metropol Hato Rey. Pérez asserted claims of age-based discrimination under the Age Discrimination in Employment Act ("ADEA") and Puerto Rico's statutory analog. His employer promptly moved to dismiss the complaint, pointing out that Pérez failed to exhaust required administrative remedies before filing suit. That is, he neglected to first file a complaint with the Equal Employment Opportunity Commission. In response, Pérez acknowledged his failure to exhaust but pressed the district court to excuse that failure by adopting and applying the "single filing rule," also known as the "piggyback rule." That rule, in its various forms, allows a litigant to vicariously exhaust by relying upon a timely administrative complaint filed by another, similarly-situated plaintiff. Here, Pérez sought to "piggyback" on an EEOC age discrimination complaint timely filed against his employer by one of his co-workers.

The district court declined to adopt the single filing rule in these circumstances, dismissed Pérez's ADEA claims, and declined to exercise supplemental jurisdiction over his Puerto Rico law claims. In this appeal, Pérez urges the court to adopt an expansive version of the single filing rule and remand the case to the district court for further proceedings. We decline that invitation.

**I.**

Pérez filed suit in November of 2018, complaining of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and Puerto Rico's anti-discrimination law, known as Puerto Rico Law 100, P.R. Laws Ann. tit. 29, § 146 et seq. His complaint alleged two discrete acts of age-based discrimination. The first occurred in 2010, when the Metropol restaurant reduced his hours from 40 to 35 each week. As a result, Pérez suffered a reduction both in his fixed income and in the wages he derived from tips. He continued to work 35 hours each week until March of 2018, when the restaurant reestablished his 40-hour weekly schedule.

The second act of alleged age discrimination took place in December of 2013, shortly after the restaurant's reorganization and relocation. Pérez claims that after the Metropol relocated, he was no longer assigned to a specific group of tables. Instead, he had to serve tables on an "as-needed" basis, causing him to have fewer customers and a loss of income. Pérez contends that age-based animus motivated the restaurant's 2010 decision to reduce the number of hours he worked each week, as well as its 2013 decision to structure his service in a way that was economically less favorable to him.

The Metropol restaurant moved to dismiss the complaint, noting that Pérez failed to exhaust administrative remedies – that

is, he neglected to file a complaint with either the EEOC or the ADU (the Antidiscrimination Unit of the Puerto Rico Department of Labor). See 29 U.S.C. § 626(d)(1). Persuaded that the motion to dismiss had merit, the district court directed Pérez to show cause why his complaint should not be dismissed for failure to exhaust. Additionally, the district court sua sponte granted Pérez leave to amend his complaint to assert his claims "with more specificity and solve any material pleading deficiencies discussed in Defendants' Motion to Dismiss."

Pérez chose not to amend his complaint. He did, however, submit a legal memorandum in which he acknowledged his failure to exhaust, but urged the court to adopt the "single filing" exception to exhaustion. That exception, which has also come to be known as the "piggybacking rule," would allow Pérez to vicariously satisfy his exhaustion obligation by relying upon a timely-filed administrative complaint against his employer made by a similarly-situated plaintiff. See, e.g., Grayson v. K Mart Corp., 79 F.3d 1086, 1101 (11th Cir. 1996). Specifically, Pérez sought to piggyback on one of several administrative charges brought by his co-worker, Juan Santiago-Del Valle. Mr. Del Valle filed complaints with the EEOC and the ADU and subsequently sued the Metropol Hato Rey for alleged age discrimination. See Santiago-Del Valle v. Metropol Hato Rey, LLC, Civil No. 18-cv-1464 (GAG) (the "Del Valle Case").

- 4 -

The district court, recognizing that there are several interpretations of the single filing rule, favored the one described in Greene v. City of Boston, 204 F. Supp. 2d 239 (D. Mass. 2002), which requires the underlying administrative complaint to contain some allegation of discriminatory impact beyond the interests of the complainant. See id. at 244. Applying that test to the facts before it, the district court looked to the EEOC complaint filed in the Del Valle Case and saw that it contained no "intimations of class-wide discrimination." That is to say, it failed to inform either the EEOC or the Metropol Hato Rey that employees other than Mr. Del Valle — like Pérez — might also have been subjected to age-based discrimination. That deficiency, in the district court's view, meant Pérez was not entitled to the single filing rule's exception to the exhaustion requirement.

Given those findings, the district court granted the restaurant's motion to dismiss, dismissed Pérez's complaint (without prejudice) for failure to exhaust, and declined to exercise supplemental jurisdiction over Pérez's remaining Puerto Rico law claims. This appeal ensued.

**II.**

We review the district court's dismissal de novo. See, e.g., Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021); Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011).

- 5 -

**A.**

The ADEA requires that, before filing a civil suit, a litigant must first file an age discrimination complaint with the EEOC.  29 U.S.C. § 626(d)(1); see also Martínez-Rivera v. Puerto Rico, 812 F.3d 69, 78 (1st Cir. 2016) ("[Plaintiff] had to exhaust her administrative remedies before bringing an age discrimination claim under the ADEA to court.").  If the EEOC dismisses or otherwise terminates the administrative proceedings, it must notify the complainant, who then has "90 days after the date of the receipt of such notice" to file suit.  29 U.S.C. § 626(e). While compliance with the administrative filing requirement is compulsory, it is not jurisdictional.  See Tapia-Tapia v. Potter, 322 F.3d 742, 745 & n.4 (1st Cir. 2003).  "The need for compliance is, therefore, 'subject to the usual gamut of equitable exceptions.'"  Id. at 745 n.4 (quoting Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999)).  The single filing rule is such an exception.

Although it has been applied unevenly, the single filing rule, generally speaking, permits an ADEA (or Title VII) plaintiff who has not exhausted administrative remedies to join an existing discrimination suit, provided one or more of the named plaintiffs in that suit did exhaust such remedies.  In other words, a non-exhausting party is able to satisfy the exhaustion requirements by "piggybacking" on the timely administrative complaint filed by a

similarly-situated plaintiff.  See, e.g., Howlett v. Holiday Inns, Inc., 49 F.3d 189, 194 (6th Cir. 1995) ("It is not necessary in all circumstances, though, that the EEOC charge be filed by the individual bringing suit under the ADEA.  '[C]ourts have regularly held that the timely filing of an administrative charge by a named plaintiff in a class action satisfies the charge filing obligation of all members of the class.'  The 'single filing rule' . . . allows the administrative charge of one plaintiff to satisfy the charge filing obligations of other plaintiffs." (alteration in original) (quoting Tolliver v. Xerox Corp., 918 F.2d 1052, 1056 (2d Cir. 1990))).

In the Tolliver opinion, the Court of Appeals for the Second Circuit summarized what it viewed as three versions of the single filing rule:

> Courts have used different tests, either alone or in combination, for determining whether an administrative charge suffices to permit piggybacking by a subsequent plaintiff.  The broadest test requires only that the claims of the administrative claimant and the subsequent plaintiff arise out of the same circumstances and occur within the same general time frame. . . .  A somewhat narrower test requires that the administrative claim give notice that the discrimination is "class-wide," i.e., that it alleges discrimination against a class of which the subsequent plaintiff is a member.  A still narrower test requires that the administrative claim not only allege discrimination against a class but also allege that the claimant purports to represent the class or others similarly situated.

Tolliver, 918 F.2d at 1057-58 (citations omitted).

Here, Pérez urges this court to adopt what the Tolliver court called the "broadest test." That is, he asks the court to allow "piggybacking" as long as the "claims of the administrative claimant and the subsequent plaintiff arise out of the same circumstances and occur within the same general time frame." Id. at 1057. Under that interpretation of the rule, the underlying EEOC complaint need not have alerted the EEOC or the employer to the possibility that discriminatory conduct had been directed at anyone other than the complainant.

That expansive version of the single filing rule is not without its critics. See, e.g., Greene, 204 F. Supp. 2d at 243 ("The Tolliver court's identification of three different 'tests' for applying the single filing rule, while useful, conflates two distinct issues. What the Tolliver court described as the 'broad[est] test,' is really a description of the policy justifying the single filing rule itself, that is, within a discrete work group a discriminatory practice is likely to affect all similarly situated employees in the same way, thereby making group conciliation practicable."); see also Whalen v. W.R. Grace & Co., 56 F.3d 504, 507 (3d Cir. 1995) (rejecting Tolliver to the extent it would permit a non-exhausting, "piggybacking" claimant to rely upon an EEOC complaint that failed to give notice of class-wide discrimination).

Criticism of the Tolliver "broadest test" is understandable. After all, an employee is required to file an administrative complaint before bringing suit to give the employer notice of the allegedly unlawful activity and to afford the government an opportunity to negotiate an end to any unlawful practices. See, e.g., Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir. 1986) ("The filing requirement serves several important purposes. First, it provides the state agency or the EEOC with information and 'an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation.' Second, it provides formal notice to the employer and prospective defendant of the charges that have been made against it." (quoting H.R. Rep. No. 950, at 12 (1978), as reprinted in 1978 U.S.C.C.A.N. 504, 515)).

If the administrative complaint on which a non-exhausting plaintiff wishes to "piggyback" does not give the EEOC and the employer notice of unlawful practices that potentially extend beyond the complainant, then the purposes of administrative exhaustion would be undermined if a non-exhausting plaintiff were allowed to bypass the administrative process and proceed directly to court. The government and the employer would be deprived of any notice of the scope of the claims asserted, as well as the opportunity to resolve the non-exhausting plaintiff's claims informally. See, e.g., Anderson v. Montgomery Ward & Co., 852

F.2d 1008, 1016 (7th Cir. 1988) ("[I]n our view, the charge [on which the non-exhausting party seeks to piggyback] must, at the very least, contain an allegation of class-wide discrimination. This notification is necessary in order to satisfy Congress' express desire that the defendant understand, during the conciliation stage, the magnitude of his potential liability.").

**B.**

In addition to considering which version of the single filing rule should be applied, courts have had to determine the particular circumstances under which a plaintiff may rely upon the rule. In its traditional application, the single filing rule permits a party invoking the rule to do so either in a class action or to join an existing suit (in which at least one plaintiff properly exhausted and timely sued). See White v. BFI Waste Servs., LLC, 375 F.3d 288, 293 (4th Cir. 2004) ("The 'single-filing rule,' as applied by those circuits which have adopted it, allows plaintiffs who have not exhausted the administrative requirement of filing with the EEOC to join in a lawsuit with other plaintiffs who have exhausted the requirement, provided that all plaintiffs' claims are substantially similar and that the EEOC charge itself gave notice of the charge's collective nature."); Peeples v. City of Detroit, 891 F.3d 622, 631-32 (6th Cir. 2018) ("The [single filing] rule is not limited to class actions but permits plaintiffs to join an individual action, 'if the named

plaintiff filed a timely administrative charge sufficient to permit "piggybacking" by the joining plaintiff.'" (quoting Howlett, 49 F.3d at 194)); Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1197 (10th Cir. 2004) ("Generally speaking, each plaintiff must exhaust his or her administrative remedies by filing a timely EEOC charge prior to bringing suit. However, given the widespread concern over discriminatory employment practices and the congressional intent behind Title VII and the ADEA, the federal courts have universally recognized an exception to the individual filing rule which provides that 'in a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement.'" (quoting Allen v. U.S. Corp., 665 F.2d 689, 695 (5th Cir. 1982))); Price v. Choctaw Glove & Safety Co., 459 F.3d 595, 599 (5th Cir. 2006) ("[T]his Circuit intended for the single filing rule only to permit a non-charging party to join or intervene in a lawsuit filed by a charging party who has properly exhausted the administrative requirements. . . . A non-charging party cannot bring her own independent lawsuit based upon another party's charge."). But see Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs, 343 F.3d 897, 900 (7th Cir. 2003) (noting that while "only the Third Circuit confines the [single filing]

doctrine to class actions, . . . it is possible that the Supreme Court will limit the doctrine to class action cases").

The Second Circuit, however, has found that in the ADEA context the single filing rule also applies to situations in which the plaintiff files a separate lawsuit. Tolliver, 918 F.2d at 1057 ("[U]nder Title VII, the single filing rule has been used only to permit joining a preexisting suit in which at least one plaintiff had filed a timely charge. But, . . . that consequence flows from Title VII's requirement that no person may initiate a Title VII suit without obtaining a right-to-sue letter . . . . There is no comparable requirement for ADEA suits and therefore no reason to require ADEA plaintiffs seeking to benefit from the single filing rule to join preexisting individual suits."). In other words, because a Title VII plaintiff cannot file suit without a right-to-sue letter, a non-exhausting, piggybacking plaintiff with Title VII claims must necessarily join a pre-existing suit in which at least one other plaintiff has received a right-to-sue letter. But, under the ADEA, securing a right-to-sue letter is not a prerequisite to suit. Accordingly, the Tolliver court reasoned that non-exhausting plaintiffs with claims under the ADEA could piggyback on the administrative complaint of a co-worker, but need not necessarily join that co-worker's suit. Such a claimant could file an independent suit, as did Pérez in this case.

## C.

Although we have had occasion to discuss the single filing rule in the past, see Basch v. Ground Round, Inc., 139 F.3d 6, 8-9 (1st Cir. 1998), we have not explicitly adopted it. We decline to do so today because the circumstances of this case, in combination, do not lend themselves to a thoughtful application of a reasonable variant of the rule.

First, Pérez has not shown that the EEOC charges timely filed by his co-worker and on which Pérez seeks to piggyback informed the EEOC or the Metropol Hato Rey that broader, company-wide acts of discrimination may have occurred, or that other employees — like Pérez — may also have been the victim of age-based discrimination. Moreover, he did not seek to join a timely suit filed by a co-worker who properly exhausted administrative remedies but, instead, brought his own independent action. We also note that Pérez's separate suit was filed more than 90 days after the EEOC's notice of dismissal of the administrative complaint on which Pérez seeks to piggyback.[1]

---

[1] Under the ADEA, suit must be filed no later than 90 days after receipt of notice from the EEOC that it has dismissed or otherwise terminated the administrative proceeding. 29 U.S.C. § 626(e). Here, however, because Pérez did not file an administrative complaint, he never received a notice of dismissal. The timeliness of his individual suit might then be measured by the dismissal letter in the administrative action on which he seeks to piggyback. In that case, Pérez would find himself in a difficult position, since he filed suit on November 13, 2018, more than 90 days after Mr. Del Valle's receipt of the EEOC dismissal

Finally, and importantly, even when prompted by the district court, Pérez did not amend his complaint to state either that he had exhausted (which he plainly could not do) or that he sought to invoke an equitable exception to the exhaustion requirement. Because filing an administrative charge of discrimination is a prerequisite to bringing a civil suit under both the ADEA and Title VII, courts have routinely required plaintiffs to include an allegation of exhaustion in their complaints. Those who fail to do so are often granted leave to file an amended complaint making that assertion (as Pérez was here), or face dismissal. See Burnett v. City of Jacksonville, 376 F. App'x 905, 907 (11th Cir. 2010); O'Kane v. Mead Johnson Nutrition Co., 804 F. App'x 988, 989 (10th Cir. 2020); see also Drury v. JF White Contracting Corp., No. CV 06-40027-FDS, 2006 WL 8458670, at *4 (D. Mass. Feb. 17, 2006).

### III.

We need not explore the several nuanced issues that arise here, or determine the single filing rule's proper scope. It is sufficient to note that we decline to adopt any version of the single filing rule that would be sufficiently broad to excuse the procedural failings associated with Pérez's suit. For the

---

letter dated April 9, 2018.

foregoing reasons, the district court's order dismissing Pérez's

complaint is <u>affirmed</u>.