# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 23-7002**

**September Term, 2023**

FILED ON: JUNE 14, 2024

JAMES OWENS and JOHN HOLTMAN,
 APPELLANTS

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,
 APPELLEE

Consolidated with 23-7005

Appeals from the United States District Court
for the District of Columbia
(No. 1:22-cv-00901)

Before: MILLETT, WILKINS and GARCIA, *Circuit Judges*

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the United States District Court for the District of Columbia be **AFFIRMED**.

## I

Appellants James Owens and John Holtman challenge the district court's confirmation of arbitration awards that dismissed as untimely their claims under the Age Discrimination in Employment Act. They argue that the arbitrator (i) erroneously concluded that their arbitration requests were untimely, (ii) mistakenly refused to equitably toll their claims, and (iii) wrongly

failed to enforce an asserted statutory right to "piggyback" on other employees' timely filed claims. The first two arguments fail because they turn on the arbitrator's permissible interpretation of their employment contracts. The piggybacking argument fails as well because plaintiffs have not identified any version of the "piggybacking" rule that would allow them to rely on charges filed by plaintiffs in court suits to toll the filing deadline for an individual arbitration proceeding.

**A**

Former IBM employees James Owens and John Holtman allege they were terminated on account of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Owens and Holtman each signed a separation agreement requiring arbitration of any ADEA claims they might have. Their arbitration agreements required them to "submit a written demand for arbitration to the IBM Arbitration Coordinator no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim" being made. J.A. 272. For ADEA claims, that is 180 days after the alleged unlawful discriminatory practice occurred. 42 U.S.C. § 2000e-5(e)(l); 29 U.S.C. § 626(d)(1)(A). The agreements further provided that, "[i]f the demand for arbitration is not submitted in a timely manner, the claim shall be deemed waived." J.A. 272.

For both Owens and Holtman, the 180-day period to "submit a written demand for arbitration" ended on November 17, 2020. On that date, Owens and Holtman both filed online demands with JAMS, the contractually designated arbitration provider. But they did not mail written demands to IBM until the next day, November 18, 2020, which was one day outside the limitations period. They attribute the delay in mailing to their lawyers' remote work arrangements during the COVID-19 pandemic.

The arbitrator dismissed both ADEA claims as outside the limitations period. He specifically addressed and rejected Owens' and Holtman's arguments that their claims were timely because they filed online with JAMS on November 17th. The arbitrator explained that the contractual "Arbitration Procedures unambiguously require submission to IBM—not JAMS—within the limitations period in order to avoid waiver of the claim." J.A. 152 (Holtman); *see* J.A. 333–334 (Owens). The arbitrator also found that the contract unambiguously precludes equitable tolling of the filing period because it says specifically that, "[i]f the demand for arbitration is not submitted in a timely manner, the claim shall be deemed waived." J.A. 334 (quoting J.A. 272).

Owens and Holtman also argued that their late filings should be excused under the "piggybacking" rule, which is sometimes referred to as the "single-filing" rule. The piggybacking rule is an extra-statutory doctrine that several courts of appeals have recognized for ADEA and certain other employment discrimination claims that require the exhaustion of claims with the Equal Employment Opportunity Commission before a lawsuit may be filed. *See Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004). The rule allows plaintiffs who did not themselves administratively exhaust their employment discrimination claims to join in subsequent litigation filed by a "plaintiff [who] has filed a timely EEOC complaint * * * if their individual claims arise out of similar discriminatory treatment in the same time frame." *Holowecki v.*

2

*Federal Express Corp.*, 440 F.3d 558, 564 (2d Cir. 2006) (quoting *Snell v. Suffolk County*, 782 F.2d 1094, 1100 (2d Cir. 1986)) (discussing "piggybacking" rule in context of Title VII claims); *see Ruhrpumpen, Inc.*, 365 F.3d at 1197 (Though Title VII and the ADEA generally require "each plaintiff [to] exhaust his or her administrative remedies by filing a timely EEOC charge prior to bringing suit * * * the federal courts have universally recognized an exception to the individual filing rule which provides that * * * 'if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement.'") (quoting *Allen v. United States Steel Corp.*, 665 F.2d 689, 695 (5th Cir. 1982)); *Pérez-Abreu v. Metropol Hato Rey LLC*, 5 F.4th 89, 92–95 (1st Cir. 2021) (canvassing different circuits' approach to the rule).

The arbitrator determined that the piggybacking rule had no application in the arbitration context, and that the contract did not permit any exceptions to the waiver of untimely filed claims. He also rejected the argument that failure to apply the piggybacking rule in the arbitration context effected an impermissible waiver of statutory rights.

**B**

IBM moved to confirm the arbitration awards, while Owens and Holtman moved to vacate. The district court confirmed both awards. It rejected Owens' and Holtman's arguments that the arbitrator was "guilty of misconduct in refusing * * * to hear evidence pertinent and material to the controversy[.]" J.A. 216 (quoting 9 U.S.C. § 10(a)(3)). The arbitrator acknowledged Owens' and Holtman's arguments about why they submitted their written demands a day late, including arguments related to COVID-related closures, as well as their arguments that electronic filing with JAMS within the limitations period sufficed. He just rejected those arguments as lacking any basis in the parties' contracts. The district court likewise rejected the argument that the arbitrator "exceeded his authority" or acted in manifest disregard of the law by failing to allow equitable tolling. The arbitrator's conclusion that equitable tolling did not apply was based on his "interpret[ation of] the plain language of the arbitration agreement." J.A. 218. Finally, the district court rejected Owens' and Holtman's invocation of the piggybacking rule, explaining that it only excuses plaintiffs from the requirement to file an administrative charge with the EEOC, and has no role to play in the arbitration context, where no such exhaustion is required. In addition, it reasoned that, because the piggybacking rule is not a substantive right under the ADEA, it could be waived.

**II**

Because the parties below were diverse and the amount in controversy exceeds $75,000, the district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over this appeal under 28 U.S.C. § 1291.[1]

---

[1] Owens and Holtman contend that the district court also had federal-question jurisdiction under 28 U.S.C. § 1331, Pet'rs Opening Br. 7, while IBM contends that it did not, IBM Br. 4–6. We need not resolve that question because diversity jurisdiction was proper.

"'[J]udicial review of arbitral awards is extremely limited,' and we 'do not sit to hear claims of factual or legal error by an arbitrator as we would in reviewing decisions of lower courts.'" *Kurke v. Oscar Gruss & Son, Inc.*, 454 F.3d 350, 354 (D.C. Cir. 2006) (quoting *Teamsters Local Union No. 61 v. United Parcel Serv., Inc.*, 272 F.3d 600, 604 (D.C. Cir. 2001)) (formatting modified). "Only if 'the arbitrator acts outside the scope of his contractually delegated authority'—issuing an award that 'simply reflects his own notions of economic justice' rather than 'drawing its essence from the contract'—may a court overturn his determination." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (quoting *Eastern Associated Coal Corp. v. United Mine Workers*, 531 U.S. 57, 62 (2000)) (formatting modified).

Though individuals may not waive substantive antidiscrimination rights guaranteed by the ADEA, the right to proceed in federal court is not such a substantive right and may be waived by a clear and unmistakable agreement to arbitrate. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 259 (2009) (An arbitration agreement's waiver of the right to proceed in court on ADEA claims "is not the waiver of a 'substantive right' as that term is employed in the ADEA.") (quoting *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80 (1998)).

## III

On appeal, Owens and Holtman make three arguments for overturning the district court's confirmation of the awards against them. First, they argue that their arbitration demands should have been considered timely due to COVID-related delays and their electronic filing with JAMS within the limitations period, and that in ruling otherwise, the "arbitrator[] w[as] guilty of misconduct in * * * refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3); *see* Pet'rs Opening Br. 17–25. Second, they argue that, by refusing to allow "equitable tolling," the arbitrator "exceed[ed] [his] powers," 9 U.S.C. § 10(a)(4); *see* Pet'rs Opening Br. 25–26. Third, they argue that any contractual waiver of the piggybacking rule is unenforceable. Pet'rs Opening Br. 27–41.

The first two arguments are foreclosed by the wide berth afforded the arbitrator's contract-interpretation decisions, while the third is without merit.

## A

Owens and Holtman contend that the arbitrator "refus[ed] to hear evidence pertinent and material to the controversy" in deeming their claims untimely. Pet'rs Opening Br. 3. Specifically, they argue that they permissibly filed with JAMS electronically within the limitations period and that their day-late mailing of the arbitration demand to IBM was due to COVID-19-related logistical issues. Pet'rs Opening Br. 17.

That argument fails because the arbitrator did consider each of those arguments on the merits. He just rejected each of them as foreclosed by the contract's plain language. J.A. 216–217; *see* J.A. 148, 152–153; J.A. 328–330, 332–334. The district court then appropriately

deferred to the arbitrator's contractual interpretation. *See Oxford*, 569 U.S. at 569.

Owens and Holtman counter that the arbitrator did not give their evidence "any weight" at all. Pet'rs Opening Br. 18–19. True. But that is because the arbitrator permissibly found that their evidence was legally irrelevant since the contracts "unambiguously require submission to IBM—not JAMS—within the limitations period in order to avoid waiver of the claim." J.A. 152 (Holtman); *see* J.A. 333–334 (Owens). Because the arbitrator grounded his decision about the weight of Owens' and Holtman's evidence in the contract's language, the awards "must stand, regardless of a court's view of its (de)merits[,]" *Oxford*, 569 U.S. at 569, and in spite of any "error—or even a serious error[]" in weighing the evidence, *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

**B**

Owens and Holtman separately argue that the arbitrator exceeded his powers by failing to allow equitable tolling of the time period for filing their claim, pointing to precedent allowing "equitable tolling" under the ADEA's statutory timeliness requirement. *See* Pet'rs Opening Br. 25–27 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

This argument fails for two reasons. First, the arbitrator's determination that the contracts required submission of written claims to IBM within the limitations period and did not allow for tolling was at least "arguably" grounded in his construction of the contracts, and so provides no basis for vacatur. *See* 9 U.S.C. § 10(a)(4); *see also Oxford*, 569 U.S. at 569.

Second, and in any event, the arbitrator found that Owens and Holtman failed to offer "arguments * * * even arguably * * * supporting any finding of a legal, factual or equitable nature to excuse the untimely submission of the Demand," even if equitable tolling were available. J.A. 334 (Owens); *see* J.A. 154 (similar for Holtman). Owens and Holtman do not challenge that factual conclusion on appeal.

**C**

Finally, Owens and Holtman argue that the piggybacking rule prevents enforcement of the time bar on their claims. Specifically, Owens and Holtman argue that they would be allowed under the piggybacking rule to join a class action complaint brought by a plaintiff who filed a timely EEOC charge in 2018 if they were filing in court, and so should have been afforded the same opportunity in arbitration. Pet'rs Opening Br. 11. In their view, enforcing the arbitration contract's timing provisions against them would impermissibly deprive them of substantive statutory rights guaranteed by the ADEA. *See Booker v. Robert Half Int'l, Inc.*, 413 F.3d 77, 79 (D.C. Cir. 2005) ("Statutory claims may be subject to agreements to arbitrate, so long as the agreement does not require the claimant to forgo substantive rights afforded under the statute."). In support, they point to a Sixth Circuit case holding that the ADEA's statutory limitations period for bringing suit is "part of the substantive law of the cause of action created by the ADEA[,]" and so may not be waived by contract. *Thompson v. Fresh Prods. LLC*, 985 F.3d 509, 521 (6th Cir.

5

2021).[2]

Even assuming the Sixth Circuit is right that the ADEA's limitation period may not be shortened by contract, that would not help Owens and Holtman. That is because neither we nor any other circuit has recognized a version of the piggybacking rule that would allow Owens and Holtman to rely on charges filed by plaintiffs in other *court lawsuits* to toll deadlines in individual *arbitration* proceedings.

The piggybacking rule previously recognized by this court "allows non-filing parties to *join* the lawsuit of a filing party if they possess claims 'that are so similar to those asserted by the original plaintiff that no purpose would be served by requiring them to file independent charges.'" *Brook v. District Hosp. Partners, L.P.*, 606 F.3d 800, 807 (D.C. Cir. 2010) (quoting *Foster v. Gueory*, 655 F.2d 1319, 1322 (D.C. Cir. 1981)) (formatting modified; emphasis added); *see Cook v. Boorstin*, 763 F.2d 1462, 1465–1466 (D.C. Cir. 1985) ("[T]he failure by some of the appellants to file individual administrative complaints does not bar *their intervention* in this action.") (emphasis added). Our cases accord with the version of the rule applied in most circuits that provides a mechanism for plaintiffs who have not themselves exhausted administrative remedies "to *join* in a lawsuit with other plaintiffs who have exhausted the requirement." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 293 (4th Cir. 2004).

Other circuits have held that "this rule would be entirely inapplicable * * * [where the plaintiff] has not *joined* in a lawsuit brought by those plaintiffs who filed the earlier EEOC charge[.]" *BFI Waste Servs.*, 375 F.3d at 293; *see Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 599 (5th Cir. 2006) ("[T]his Circuit intended for the single filing rule only to permit a non-charging party to join or intervene in a lawsuit filed by a charging party who has properly exhausted the administrative requirements. * * * A non-charging party cannot bring her own independent lawsuit based upon another party's charge."); *Whalen v. W.R. Grace & Co.*, 56 F.3d 504, 507 (3d Cir. 1995) (rejecting the piggybacking rule as applied to litigants who do not seek to join a previously filed class action lawsuit). And other circuits that have not addressed the issue explicitly have still only discussed or applied the rule in the context of a plaintiff seeking to *join* a previously filed lawsuit. *See Pérez-Abreu*, 5 F.4th at 93 ("In its traditional application, the single filing rule permits a party invoking the rule to do so either in a class action or to join an existing suit (in which at least one plaintiff properly exhausted and timely sued)."); *Ruhrpumpen, Inc.*, 365 F.3d at 1198–1199 ("[T]he 'single filing rule' is not limited to class actions but also can permit a plaintiff to *join* individual ADEA actions if the named plaintiff filed a timely administrative charge sufficient to permit 'piggybacking' by the joining plaintiff.") (quoting *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 194 (6th Cir. 1995)) (emphasis added); *Horton v. Jackson County Bd. of County Comm'rs*, 343 F.3d 897, 899 (7th Cir. 2003) ("The question is whether [the non-filing plaintiff]

---

[2] Owens' and Holtman's separation agreements both provide that "[a]ny issue concerning the validity or enforceability of this Agreement * * * shall be decided only by a court of competent jurisdiction," J.A. 269, and the arbitrator agreed "that issues of enforceability are for the courts, not the Arbitrator," J.A. 154. For that reason, we do not owe any deference to the arbitrator's disposition of the piggybacking argument. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("[T]he question 'who has the primary power to decide arbitrability' [of an issue] turns upon what the parties agreed about *that* matter.").

could *join* [the filing plaintiff's] suit notwithstanding her failure to file a timely administrative charge[.]") (emphasis added); *id.* at 900–901 (declining to adopt "piggybacking" rule in cases that are too dissimilar from class action lawsuits).

Owens and Holtman do not seek to *join* any previously filed action, whether in court or in arbitration. In fact, they could not do so, because they have expressly agreed to resolve all ADEA claims "on an individual basis." J.A. 45 (Holtman); J.A. 269 (Owens); *see also* J.A. 45, 269 ("[Y]ou agree that no Covered Claims may be initiated, maintained, heard or determined on a class action, collective action or multi-party basis either in court or in arbitration[.]"). Neither Owens nor Holtman has argued that this promise to litigate any claims on an individual basis is unenforceable. Accordingly, the piggybacking rule as previously applied in this and "most circuits" is simply inapplicable to Owens' and Holtman's individual actions, and they make no reasoned argument for its extension here. *BFI Waste*, 374 F.3d at 293; *see District Hosp. Partners, L.P.*, 606 F.3d at 807.

We recognize that the Second Circuit has applied the piggybacking rule in ADEA cases even where the "ADEA plaintiffs [are not] seeking * * * to join preexisting" lawsuits. *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057 (2d Cir. 1990); *see Pérez-Abreu*, 5 F.4th at 92 (the Second Circuit's approach in *Tolliver* is the "broadest" and most "expansive" version of the rule). But Owens and Holtman would fare no better under the rule applied in the Second Circuit, which holds that "[t]he piggybacking rule has no application in the arbitration context [and,] [i]n any event, * * * may be waived because it is not a substantive right under the ADEA." *In re IBM Arbitration Agreement Litig.* ("*IBM*"), 76 F.4th 74, 81 (2d Cir. 2023). The Second Circuit so ruled because its version of the piggybacking rule is not part of the ADEA's limitation period, nor is it "about timeliness." *Id.*. It is rather about excusing certain plaintiffs' failure to exhaust administrative remedies by allowing them to join in or rely on similar earlier-filed cases. *Id.* at 84. That rationale, the Second Circuit has held, has no relevance to the arbitration context, where there is no EEOC exhaustion requirement. *Id.*; *see also Smith v. IBM*, No. 22-11928, 2023 WL 3244583, at *6 (11th Cir. May 4, 2023) ("The [piggybacking rule] has no clear application in the arbitration context[.]").

In addition, the piggybacking rule is "judge-made and is not found in the text of the ADEA," and so "is not a substantive right under the ADEA and is thus waivable" by contract. *IBM*, 76 F.4th at 84; *see Ruehl v. Viacom, Inc.*, 500 F.3d 375, 385 (3d Cir. 2007) ("The single filing (or 'piggybacking') rule is a judge-made exception to the requirement that plaintiffs exhaust their administrative remedies prior to filing suit."); *Jackson County Bd. of County Comm'rs*, 343 F.3d at 899 (similar); *Smith*, 2023 WL 3244583, at *7 ("Because piggybacking is a judge-made exception to the ADEA's exhaustion requirement, not created by the ADEA itself, *Thompson* does not support Smith's claim that piggybacking is nonwaivable.").

Accordingly, Owens and Holtman have not identified any version of the "piggybacking" rule that would excuse their untimeliness. For those reasons, the arbitrator's refusal to allow them to piggyback on a courtroom litigant's timely filed lawsuit did not impermissibly waive any substantive statutory right held by Owens and Holtman.

\* \* \* \* \*

For the foregoing reasons, the judgment of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/

Daniel J. Reidy
Deputy Clerk